UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**STEPHEN BRITTAIN ET AL**              CASE NO. 2:22-CV-01917

**VERSUS**                               JUDGE JAMES D. CAIN, JR.

**FEDNAT INSURANCE CO**                  MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 23] filed pursuant to Federal Rule of Civil Procedure 12(b)(1) by defendant Louisiana Insurance Guaranty Association ("LIGA"). The motion is regarded as unopposed.

### I.
### BACKGROUND

This suit arises from damage to plaintiffs' home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. Plaintiffs, who were then represented by counsel, filed suit in this court against their insurer, FedNat Insurance Company, on June 28, 2022, alleging that FedNat failed to timely or adequately compensate them for covered losses. Doc. 1. On October 10, 2022, FedNat filed a Notice of Consent Order of Liquidation due to its bankruptcy proceedings in Florida. Doc. 7. Accordingly, proceedings in this court were automatically stayed.

Plaintiffs' counsel moved to withdraw on June 9, 2023. Doc. 8. At a hearing on the motion, in which LIGA counsel also participated, the magistrate judge indicated that she would grant it after counsel filed a motion to substitute LIGA as defendant so that the case

could proceed. Doc. 10. Plaintiffs' counsel complied and the motion to withdraw and unopposed motion to substitute were both granted. Docs. 14, 18.

LIGA now moves to dismiss plaintiffs' suit, arguing that the court lacks subject matter jurisdiction because its substitution destroys diversity. Doc. 23. Plaintiffs have not responded to the motion and their time for doing so has passed. Accordingly, it is regarded as unopposed.

## II.
## LAW & APPLICATION

### A. Legal Standard

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015).

B. **Application**

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). Subject matter jurisdiction must be proper under either 28 U.S.C. § 1331 or § 1332. The burden of proving jurisdictional facts rests on the plaintiff. *Anderson v. Stoffle*, 339 F.2d 214, 214 (5th Cir. 1964).

There is no basis for jurisdiction under 28 U.S.C. § 1331 here, as plaintiffs raise only state law claims. As for 28 U.S.C. § 1332, plaintiffs must show complete diversity of citizenship and an amount in controversy greater than $75,000.00. Complete diversity means that each plaintiff must have different citizenship from each defendant. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). In other words, the court cannot exercise jurisdiction if any plaintiff is from the state as any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Here the pleadings reveal that both plaintiffs and LIGA are citizens of Louisiana. An amendment adding LIGA as defendant would destroy the court's diversity jurisdiction. *See, e.g.*, *Prudhomme et al. v. Southern Fidelity Insurance Co.*, No. 2:22-cv-02067, Doc. 8, p. 3 (W.D. La. Feb. 1, 2023) (Memorandum Order on motion to amend complaint) (citing *B.A. Kelly Land Co. LLC v. Aethon Energy Operating LLC*, No. 5:18-CV-01243, 2019 WL 13115363, at *2 (W.D. La. Dec. 20, 2019), *aff'd*, 25 F.4th 369 (5th Cir. 2022)); *Landry v. Circle K Stores, Inc.*, No. CV 16-15705, 2017 WL 3065105, at *1 (E.D. La. July 19, 2017) ("All parties agree that LIGA is a Louisiana citizen and that joining LIGA as a defendant would destroy the Court's diversity jurisdiction."). Substitution of parties, on the other

hand, has no impact on subject matter jurisdiction.[1] *Ransom v. Brennan*, 437 F.2d 513, 516 (5th Cir. 1971) (collecting cases). Accordingly, there is no basis for dismissing the suit under Rule 12(b)(1).

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 23] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 7th day of November, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[1] This court is aware that other district courts have regarded substitution as an improper procedural vehicle for bringing LIGA into litigation after an insurer's bankruptcy. *See 816 Elysian Fields LLC v. United Prop. & Cas. Ins. Co.*, 2023 WL 6464599 (E.D. La. Oct. 4, 2023) (BARBIER, J.); *McDonald v. United Prop. & Cas. Ins. Co.*, 2023 WL 6464772 (E.D. La. Oct. 4, 2023) (MORGAN, J.). The undersigned, however, regards LIGA's legal obligation to pay the insolvent insurer's covered claims as a sufficient "transfer of interest" as contemplated under Rule 25(c).